12-1619-cv
*Bishop v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> J. CLIFFORD WALLACE,[*]
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SAMAAD BISHOP,

> *Plaintiff-Appellant,*

> -v.-                                                             No. 12-1619-cv

CITY OF NEW YORK, SERGEANT GREEN, Police Officer, in her individual and official capacities of the 19th Precinct of the New York City Police Department, POLICE OFFICER MORALES, Police Officer, in her individual and official capacities of the 19th Precinct of the New York City Police Department,

> *Defendants-Appellees,*

UNKNOWN POLICE OFFICERS OF THE NEW YORK POLICE DEPARTMENT, whose names are unknown at this time, CARL

---

[*] The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

LARSEN, in his individual and official capacity as LP Team Leader of Best Buy, BRIAN LEGISTER, in his individual and official capacity as Sales Manager of Best Buy, BRIAN PLACEK, in his individual and official capacity as Sales Manager of Best Buy, RICARDO QUILES, in his individual and official capacity as LPT of Best Buy, PETER TROUPAS, in his individual and official capacity as General Manager of Best Buy, BEST BUY CO. OF MINNESOTA, FICT, BEST BUY CO., INC., FOUR UNKNOWN POLICE OFFICERS OF THE CITY OF NEW YORK POLICE DEPARTMENT, JOHN DOE, Security Guard City of New York, JOHN DOE, Manager, JOHN DOE, Store Director, JOHN DOE, Loss Prevention Manager, BEST BUY, INCORPORATED,

*Defendants.*[†]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**     Samaad Bishop, *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**     Larry A. Sonnenshein, Kathy H. Chang (*of Counsel*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from the October 13, 2010 order of the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 13, 2010 order of the District Court be **AFFIRMED.**

This suit arises from an August 20, 2005, altercation between plaintiff-appellant Samaad Bishop and several employees of a Best Buy store. Bishop became irate when the employees asked to see his sales receipt before he exited the store, claiming that he was targeted because of his race. Bishop later brought an action, alleging, *inter alia*, that defendant-appellees Sergeant Green and Officer Morales (jointly with defendant-appellant the City of New York, the "City defendants") violated his Fourth Amendment rights when they arrived at the Best Buy and questioned him.[1] The

---

[†] The clerk of the court is directed to amend the caption to conform to the listing of the parties above.

[1] Bishop also brought many other claims against the City defendants, all of which were dismissed by the District Court. In his opening brief on appeal, Bishop argues only that the District Court erred in dismissing his Fourth Amendment claim. Accordingly, to the extent Bishop raised additional claims before the District Court that he does not now raise on appeal, he has abandoned them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned); *see also United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief."). To the

2

District Court dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), Bishop's claims against the City defendants. Bishop now appeals, contending that the District Court should not have dismissed his claim, under 42 U.S.C. § 1983, that his rights under the Fourth Amendment were violated.[2] We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). "[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (internal quotation marks omitted).

We have explained that "[a] § 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law . . . [which] requires that the plaintiff show that . . . the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (*per curiam*) (internal quotation marks, alterations, and citations omitted). Accordingly, "[p]robable cause is a complete defense to an action for false arrest brought under New York law or § 1983." *Id.* (internal quotation marks omitted). "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007). Further, "[t]he question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

After an independent review of the record, we conclude that the District Court properly dismissed Bishop's claim for substantially the reasons articulated in its well-reasoned memorandum and order of October 13, 2010. Even accepting all of Bishop's allegations as true, and construing them liberally, there is no doubt that, in the circumstances here presented, the officers had probable cause—let alone the reasonable suspicion required for a stop under *Terry v. Ohio*, 392 U.S. 1 (1968)—

extent that Bishop requests that we consider the claims he failed to raise on appeal in order to prevent manifest injustice, Bishop has not demonstrated, nor does the record suggest, that manifest injustice would result from failure to consider these additional claims, since, as we conclude, the District Court properly found that Bishop's failure to show his sales receipt to store employees gave the police probable cause to briefly detain him and view his sales receipt. *See McCarthy v. S.E.C.*, 406 F.3d 179, 186–87 (2d Cir. 2005) (concluding that, even though we may "overlook a party's failure to properly raise an issue on appeal if manifest injustice would otherwise result," there is no manifest injustice where the claims are without merit).

[2] The District Court also dismissed Bishop's claims against Best Buy and its employees, with the exception of his claim under the "full and equal benefits" clause of 42 U.S.C. § 1981, and his pendent state law claims. Bishop and Best Buy subsequently reached a settlement on these claims, and stipulated to their dismissal with prejudice.

3

to detain Bishop briefly. We similarly find no merit to Bishop's argument that he alleged facts sufficient to give rise to a claim that the City defendants engaged in an unreasonable search and seizure when they requested to see his sales receipt. *See Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992) ("A 'seizure' of property, we have explained, occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984))).

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the October 13, 2010 order of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4