13-1257-cv
Schnitter v. City of Rochester, et. al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand thirteen.

PRESENT:  PIERRE N. LEVAL,
          GUIDO CALABRESI,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

JAMES SCHNITTER,

                    *Plaintiff - Appellant*,

       v.                                                 No. 13-1257-cv

CITY OF ROCHESTER, INVESTIGATOR IACUTONE, SERGEANT DEBELLIS, MONROE COUNTY, MICHAEL GREEN, and GRACE M. CARDUCCI,

                    *Defendants - Appellees.*

_____

FOR APPELLANT:     CHRISTINA A. AGOLA, Rochester, New York.

FOR APPELLEES:     ROBERT J. BERGIN, Corporation Counsel (Spencer L. Ash, *of Counsel*), Rochester, New York, *for City of Rochester, Investigator Iacutone, and Sergeant DeBellis.*

                              MERIDETH H. SMITH, Monroe County Attorney (Howard A. Stark and Brian E. Marianetti, *of Counsel*), Rochester, New York, *for Monroe County, Michael Green, and Grace M. Carducci.*

Appeal from the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order and judgment of the district court is AFFIRMED.

Plaintiff-appellant James Schnitter appeals from the district court's grant of judgment on the pleadings under Fed. R. Civ. P. 12(c) in favor of the defendants-appellees the City of Rochester, Investigator Albert Iacutone, Sergeant Anthony DeBellis, Monroe County, Michael Green, and Grace M. Carducci (together, the "defendants"). Schnitter's complaint alleged that in connection with his 2007 arrest and prosecution on charges of child molestation – charges that were later dismissed – defendants deprived him of constitutional rights protected under the Fourth and Fourteenth Amendments by, *inter alia*, engaging in unreasonable searches and seizures, malicious prosecution, false arrest, and false imprisonment; withholding exculpatory evidence; conducting an inadequate investigation; and failing to adequately supervise their subordinates, and sought damages pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal, which we describe only as necessary to explain our decision.

We review a district court's grant of judgment on the pleadings pursuant to Rule 12(c) *de novo*, applying the same standards applicable to dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We accept as true all plausible allegations of fact in the complaint, and draw all reasonable inferences in favor of the non-moving party.

2

Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). To survive the pleading stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and must do more than conclusorily assert the elements of a cause of action. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We review Schnitter's many claims against a number of defendants seriatim. We conclude that the individual defendants enjoy immunities that Schnitter's pleadings fail to defeat, and that, consisting as they do of threadbare recitation of legal conclusions, Schnitter's allegations against the municipal defendants fail to satisfy the pleading standard established by Twombly and Iqbal.

Claims against Carducci

Schnitter claims that Carducci, the assistant district attorney who handled the prosecution, violated his rights through malicious prosecution and failure to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). Schnitter concedes that Carducci enjoys absolute immunity while performing her duties as a prosecutor. Shmueli v. City of N.Y., 424 F.3d 231, 236 (2d Cir. 2005), citing Imbler v. Pachtman, 424 U.S. 409, 410 (1976). He argues, however, that Carducci's tortious conduct was investigatory in nature, and thus lay beyond the core prosecutorial function. To support this argument, Schnitter observes that Carducci interviewed Schnitter's wife several times. As did the district court, we find this argument unpersuasive. Because the testimony of Schnitter's wife was crucial to any prosecution, Carducci's interviews were

3

a core part of the prosecutorial process, and the complaint alleges no further facts that suggest Carducci's conduct "d[id] not relate to an advocate's preparation for the initiation of a prosecution." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).[1] Schnitter's claims of "inadequate investigation" relate not to any action by Carducci that partakes of a police investigative function, but rather amounts to the claim that she sought an indictment based on insufficient or unpersuasive evidence. The claim thus addresses an essential prosecutorial decision. Similarly, a prosecutor enjoys absolute immunity for failure to disclose exculpatory evidence, because deciding what disclosure to make is part of a prosecutor's role as advocate, and constitutes a core prosecutorial function. Warney v. Monroe County, 587 F.3d 113, 125 (2d Cir. 2009).[2] Thus, the district court properly dismissed Schnitter's claims against Carducci.

Claims against Green

Schnitter claims that Green, the district attorney of Monroe County, violated his rights by "actual[ly] or constructive[ly]" facilitating Schnitter's prosecution. In discharging his prosecutorial role, Green enjoys the same absolute immunity as Carducci. Moreover, the complaint alleges no specific facts that suggest wrongdoing by Green. Rather, Schnitter offers conclusory allegations that Green must have acted tortiously in

---

[1] Even were we to deem Carducci's conduct to fall outside the core prosecutorial function, she would still enjoy qualified immunity, as Schnitter fails to allege any facts indicating Carducci "violate[d Schnitter's] clearly established statutory or constitutional rights of which a reasonable person would have known." Buckley, 509 U.S. at 268.

[2] In any event, Brady is rooted in the constitutional right to a fair trial, and the charges against Schnitter were dropped before any trial began. Schnitter thus fails to allege any violation of his rights under Brady.

Carducci's training and supervision. To state a claim under § 1983 for failure to supervise or train employees, Schnitter must allege that Green's conduct reflected "deliberate indifference to the rights of persons with whom the [employees] c[a]me into contact." Canton v. Harris, 489 U.S. 378, 388 (1989); see also Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 127-128 (2d Cir. 2004). As Schnitter has failed to state any specific facts that plausibly suggest any such deliberate indifference on Green's part, the claims against Green fail under the pleading standard established in Twombly.

Claims against DeBellis

Other than identifying DeBellis as an employee of the City of Rochester, the complaint does not describe his participation in Schnitter's arrest, investigation or prosecution, or state that he otherwise harmed Schnitter. Therefore, the complaint fails to plead any claim against him.

Claims against Iacutone

While the complaint apparently directs § 1983 claims against Iacutone for involvement in both Schnitter's arrest and his prosecution, only Iacutone's participation in the arrest receives even minimal elaboration in the complaint. Thus, no claims against him outside the arrest context satisfy the Twombly pleading standard. With respect to the arrest, the only specific fact Schnitter alleges to support any claim against Iacutone is that because Iacutone's decision to arrest Schnitter was based exclusively on testimony from Schnitter's wife (whom Schnitter alleges to be unreliable), Iacutone failed to perform an adequate investigation before arresting Schnitter.

5

"Probable cause is a complete defense to an action for false arrest brought under New York law or § 1983." Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (internal citation and quotation marks omitted). Moreover, an arresting officer further enjoys qualified immunity if there is "arguable probable cause to arrest," that is, if the officer's belief that probable cause exists is objectively reasonable or if reasonably competent officers could disagree whether probable cause to arrest exists. Id. at 21 (internal citation and quotation marks omitted). Furthermore, we have indicated that "[w]hen information [supporting an arrest] is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." Curley v. Vill. of Suffern, 268 F.3d 65, 69-70 (2d Cir. 2001) (internal citation omitted). While the complaint alleges that Schnitter's wife had various attributes that made her an unreliable witness, it alleges no facts suggesting that Iacutone either knew or should have known of those attributes, or of any other material reason to doubt the veracity of Schnitter's wife's testimony, prior to the arrest.[3] Thus, Iacutone had at least arguable probable cause to arrest based on her claim to have witnessed the crime, and therefore enjoys qualified immunity. Accordingly, the claims against him were properly dismissed by the district court.

---

[3] The complaint alleges that the purported three-year-old child victim contradicted Schnitter's wife, and thus undermined the ability of Schnitter's wife's testimony to support probable cause. Officers of reasonable competence could disagree about whether the testimony of an adult eyewitness is reliable enough to support an arrest when contradicted by a three-year-old child victim; accordingly, the report by Schnitter's wife still provides at least the arguable probable cause necessary for qualified immunity. See generally Walczyk v. Rio, 496 F.3d 139, 154 (2d Cir. 2007).

<u>Claims against the City of Rochester and Monroe County</u>

The complaint names both the City of Rochester and Monroe County as defendants. Against Monroe County, the complaint fails to state any facts or claims whatsoever beyond naming the county as a defendant, and thus must be dismissed.[4] The only claims against Rochester are formulaic recitations that the city's policies contributed to the illegal conduct that allegedly deprived Schnitter of his rights. <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), and <u>Canton</u>, 489 U.S. at 388, established that, pursuant to § 1983, a plaintiff may assert claims against a municipality when the municipality's policies have led to violation of the plaintiff's constitutional rights, either by failure to train its employees or by sanctioning policies or customs that lead to such violations. <u>Segal v. City of N.Y.</u>, 459 F.3d 207, 219 (2d Cir. 2006). A claim of failure to train requires "deliberate indifference" to the rights of persons encountered by the employees, <u>Canton</u>, 489 U.S. at 388, and if the violation resulted from "a course of action consciously chosen" by the municipality, the policy must be attributable to either the municipality's legislative body or a person with policymaking authority for the municipality. <u>Vives v. City of N.Y.</u>, 524 F.3d 346, 350 (2d Cir. 2008). Schnitter does not allege specific facts supporting a claim that the City of Rochester violated his rights under either of these theories. They thus fail under the pleading standards of <u>Twombly</u> and <u>Iqbal</u>.

---

[4] To the extent the claims against the county are predicated on any actions of Carducci and Green in prosecuting Schnitter, they necessarily fail, as it is well established that New York prosecutors act on behalf of the state, not the county in which they serve, when prosecuting a criminal matter. <u>Baez v. Hennessy</u>, 853 F.2d 73, 77 (2d Cir. 1988).

For the reasons set forth above, each of Schnitter's claims was properly dismissed at the pleading stage. We have considered Schnitter's other arguments and found them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court