17-3191-cv
Byrne v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT:  REENA RAGGI,
                   GERARD E. LYNCH,
                            *Circuit Judges*,
                   LEWIS A. KAPLAN,
                            *District Judge.*\*

------------------------------------------------------------------------

JOHN BYRNE,

                            *Plaintiff-Appellant*,

PHILIP BLESSINGER, SCOTT GRECO, DARLENE ILCHERT,

                            *Plaintiffs,*

                   v.                                                    No. 17-3191-cv

CITY OF NEW YORK, DISTRICT ATTORNEY CYRUS R. VANCE, JR., individually and in his official capacity as District Attorney of the New York County District Attorney's Office, ASSISTANT DISTRICT ATTORNEY JODIE KANE, individually and in her official capacity as Assistant District Attorney, ASSISTANT DISTRICT ATTORNEY MICHAEL OHM, individually and in his official capacity as Assistant District Attorney, ASSISTANT DISTRICT ATTORNEY

---

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

CHRISTOPHER SANTORA, individually and in his official capacity as Assistant District Attorney, BRYAN SERINO, individually and in his official capacity as Assistant District Attorney, ASSISTANT DISTRICT ATTORNEY VIMI BHATIA, individually and in her official capacity as Assistant District Attorney,

*Defendants-Appellees.*

-------------------------------------------------------------------------

FOR APPELLANT:
Dana E. Heitz, Heitz Legal, P.C., New York, New York.

FOR APPELLEES:
Devin Slack, Scott Shorr, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York, *for* City of New York.

Elizabeth N. Krasnow, New York County District Attorney's Office, New York, New York, *for* Cyrus R. Vance, Jr., Jodie Kane, Michael Ohm, Christopher Santora, Bryan Serino, and Vimi Bhatia.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 5, 2017, is AFFIRMED.

Plaintiff John Byrne appeals the dismissal of his complaint, filed pursuant to 42 U.S.C. § 1983, against New York County District Attorney Cyrus R. Vance, Jr. and several assistant district attorneys (collectively, the "District Attorney Defendants"), as well as the City of New York, for various constitutional violations allegedly sustained in his dismissed prosecution for Social Security Disability fraud. Specifically, Byrne challenges (1) the determination that the District Attorney Defendants were entitled to absolute prosecutorial immunity from claims brought against them in their individual

2

capacities,[1] and (2) the dismissal of his *Monell* claim against the City of New York. We review *de novo* the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). Our *de novo* review also encompasses an absolute immunity determination. *See City of Providence v. Bats Glob. Markets, Inc.*, 878 F.3d 36, 46 (2d Cir. 2017). Applying these standards here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.  Absolute Immunity

In challenging the district court's absolute immunity determination, Byrne argues that his individual claims against the District Attorney Defendants challenge their investigative rather than prosecutorial actions. *See, e.g.*, *Simon v. City of New York*, 727 F.3d 167, 171–72 (2d Cir. 2013) (distinguishing absolute prosecutorial immunity for "acts intimately associated with the judicial phase of the criminal process" from more limited qualified immunity for prosecutors' performance of administrative and investigatory functions not related to an advocate's preparation for prosecution or judicial proceedings (internal quotation marks omitted)). In determining whether a prosecutor

---

[1] Byrne does not challenge the dismissal of his claims against the District Attorney Defendants in their *official* capacities on Eleventh Amendment grounds. To the extent Byrne argues that the district court erroneously applied Eleventh Amendment immunity to defendants in their *individual* capacities, the argument is belied by the district court's decision, which clearly identifies only the official capacity claims as barred by the Eleventh Amendment. *See Blessinger v. City of New York*, No. 17-cv-108 (WHP), 2017 WL 3841873, at *1–2 (S.D.N.Y. Sept. 1, 2017).

3

has absolute or qualified immunity, we focus "on the nature of the function performed, not the identity of the actor who performed it." *Bernard v. Cty. of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (internal quotation marks omitted). While "the party claiming absolute immunity . . . bears the burden of establishing its applicability," once a court determines that absolute immunity applies, "the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused." *Id.* (internal quotation marks omitted).

Here, Byrne's allegations effectively claim that the District Attorney Defendants brought charges against him without first conducting an adequate investigation. The decision whether to bring charges—and even the decision to bring charges in the absence of adequate evidence—falls squarely within a prosecutor's role as advocate and, therefore, is protected by absolute immunity. *See id.* at 503–04 (applying absolute immunity where crux of complaint is decision to seek indictment despite lack of probable cause); *Hill v. City of New York*, 45 F.3d 653, 661–62 (2d Cir. 1995) (recognizing as long settled prosecutors' entitlement to absolute immunity for initiating prosecution, despite alleged reliance on falsified evidence); *see also Schnitter v. City of Rochester*, 556 F. App'x 5, 7–8 (2d Cir. 2014) (rejecting argument that absolute immunity did not apply because prosecutor's "conduct was investigative in nature"; holding plaintiff's "claims of 'inadequate investigation'" effectively charge that prosecutor "sought an indictment based on insufficient or unpersuasive evidence" and "thus address[] an essential prosecutorial decision"). Accordingly, Byrne's challenge to absolute immunity fails.

4

No different conclusion is warranted by Byrne's charge that the District Attorney Defendants acted without jurisdiction in prosecuting him. While a prosecutor can lose "the absolute immunity he would otherwise enjoy" if he "proceeds in the clear absence of all jurisdiction," *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (internal quotation marks omitted), that is not this case.

We reach that conclusion by looking to "the authority conferred by the New York statutes." *Id.* at 238. Here, Byrne does not dispute that indictment allegations that he stole more than $50,000 from the Social Security Administration and aided co-defendants in the larger fraud scheme authorized his prosecution for Second Degree Grand Larceny and Fourth Degree Criminal Facilitation. *See* N.Y. Penal Law §§ 115.00(1), 155.40(1). Rather, he complains that defendants "manufactured jurisdiction" in New York County by creating a post office box there to which some of the criminal defendants were instructed to return a purported Social Security form in fact created by defendants, App'x 16 ¶ 42, circumstances that did not satisfy the venue requirements of N.Y. Crim. Proc. Law § 20.40. The argument fails because the New York Supreme Court deemed venue in New York County proper here not because defendants manufactured a form with a New York County return address but because Byrne's initial Social Security application was processed in New York County. *See People v. Byrne*, No. 201/2014 (Sup. Ct. N.Y. Cty. Jan. 16, 2015); *Shmueli v. City of New York*, 424 F.3d at 233 (recognizing court may take judicial notice of matters of public record in underlying New York State prosecution of § 1983 plaintiff). Accordingly, there is no basis in the record to deny the District Attorney Defendants absolute immunity for acting "clearly beyond the scope of [their]

5

jurisdiction." *Shmueli v. City of New York*, 424 F.3d at 237 (internal quotation marks omitted).

No different conclusion obtains as to defendant Bhatia, who initiated civil asset forfeiture proceedings against Byrne. Our precedent affords absolute immunity "to government attorneys who initiate civil suits." *Spear v. Town of W. Hartford*, 954 F.2d 63, 66 (2d Cir. 1992); *accord Mangiafico v. Blumenthal*, 471 F.3d 391, 395 (2d Cir. 2006). Nor can Byrne show that Bhatia acted in the absence of jurisdiction by initiating forfeiture before he was indicted, because New York law permits such actions to be filed up to sixty days before an indictment is returned. *See* N.Y. C.P.L.R. § 1311(1)(a).

2.    *Monell* Claim

Byrne faults the district court's dismissal of his claim against the City of New York for failure to train prosecutors not to suppress exculpatory evidence. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) (explaining that, for municipal liability under § 1983, "a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact" (alterations and internal quotation marks omitted)); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

The argument fails because the complaint does not allege any such lack of training as to prosecutors' disclosure obligations, and we do not consider on a motion to dismiss claims not asserted in the pleadings. *See, e.g., Littlejohn v. City of New York*, 795 F.3d 297, 324 n.23 (2d Cir. 2015). Further, the complaint does not allege any exculpatory evidence that prosecutors withheld in Byrne's case and, therefore, necessarily does not

6

plead any violation of Byrne's constitutional rights resulting from such conduct. *See Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir. 1992) (upholding dismissal of deliberate indifference claim premised on alleged lack of police policy for "proper handling of exculpatory evidence" where "[o]n the facts alleged . . . it is clear that any failure to train or supervise the police as to the handling of exculpatory evidence did not cause [plaintiff's] injury"). Insofar as Byrne now suggests that, at the time of the indictment, the District Attorney Defendants had in their possession but failed to disclose his original Social Security application, the assertion squarely contradicts his complaint allegation that defendants conducted an inadequate investigation by *failing* to obtain that application. Moreover, to the extent Byrne complains that the District Attorney's Office failed to train prosecutors to disclose exculpatory evidence *to the grand jury*, the argument is foreclosed by precedent instructing that "[t]he government ha[s] no obligation to present exculpatory material to a grand jury." *United States v. Regan*, 103 F.3d 1072, 1081 (2d Cir. 1997); *see United States v. Williams*, 504 U.S. 36, 51–52 (1992); *see also Morse v. Fusto*, 804 F.3d 538, 547 (2d Cir. 2015).

Thus, Byrne's *Monell* claim against the City was correctly dismissed.

3.    Conclusion

We have considered Byrne's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7