Fernandez-Bravo v. Town of Manchester, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - -X
Pedro Cristian Fernandez-Bravo,
          Plaintiff-Appellant,

          -v.-                                    17-123

Town of Manchester, Marc L. Montminy, Chief,
in his official and individual capacities, Maria
Garay, Officer, in her official and individual

**capacities, John Maston, Sergeant, in his official and individual capacities, Claudia Rojas,**
         <u>Defendants-Appellees.</u>

- - - - - - - - - - - - - - - -X

FOR APPELLANT:                         Igor G. Kuperman, Law Offices of Fromzel & Kuperman LLC, Stamford, CT.

FOR APPELLEES:                         Alan R. Dembiczak, Howd & Ludorf, PLLC, Hartford, CT, <u>for</u> Town of Manchester, Marc L. Montminy, Maria Garay, and John Maston.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Pedro Cristian Fernandez-Bravo appeals from a judgment of the United States District Court for the District of Connecticut dismissing his Complaint pursuant to a motion under Fed. R. Civ. P. 56. Fernandez-Bravo argues on appeal that the district court erred in granting the Defendants' motion for summary judgment dismissing (1) the Fourth Amendment false arrest and malicious prosecution claims premised on the allegations that defendant Garay intentionally provided false information and omitted other information in her arrest warrant affidavit; (2) the substantive due process claim premised on the same allegations; (3) the First Amendment retaliation claim; and (4) the abuse of process claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Plaintiff first challenges the dismissal of his Fourth Amendment false arrest and malicious prosecution claims, arguing that omissions and misrepresentations in the arrest warrant undermined probable cause for his arrest, and Officer Garay should not be covered by qualified immunity.

We review the district court's grant of summary judgment <u>de novo</u>, drawing all factual inferences in favor of the non-moving party. <u>Sousa v. Marquez</u>, 702 F.3d 124, 127 (2d Cir. 2012); <u>see also</u> <u>Lederman v. New York City Dep't of Parks & Recreation</u>, 731 F.3d 199, 202 (2d Cir.2013). Summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The first question is whether there was probable cause to arrest Fernandez-Bravo. "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." <u>Zellner v. Summerlin</u>, 494 F.3d 344, 368 (2d Cir. 2007). "In deciding whether probable cause existed for an arrest, we assess whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest. Whether probable cause existed for the charge actually invoked by the arresting officer at the time of the arrest is irrelevant." <u>Ackerson v. City of White Plains</u>, 702 F.3d 15, 19–20 (2d Cir. 2012), as amended (Dec. 4, 2012) (internal citations and quotation marks omitted). "Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff." <u>Escalera v. Lunn</u>, 361 F.3d 737, 743 (2d Cir. 2004). The same conclusion obtains as to malicious prosecution, because lack of probable cause is an element of the offense, <u>see</u> <u>Golino v. City of New Haven</u>, 950 F.2d 864, 866-867, 870 (2d Cir. 1991), although malicious prosecution claims--certainly when asserting injury beyond the simple fact of arrest--can require courts to address probable cause for each charged crime. <u>See</u> <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 571 (2d Cir. 1996).

Even accepting as true Fernandez-Bravo's allegations as to omitted or misrepresented information, and resolving credibility disputes in his favor, we conclude that probable cause existed to arrest and detain him for each of the charges at issue. See, generally, Walczyk v. Rio, 496 F.3d 139, 156-57 (2d Cir. 2007) (discussing probable cause standard). There is no dispute that Fernandez-Bravo sent threatening emails to his ex-wife, in violation of his protective order. A few of the excerpts cited in the district court's Memorandum of Decision serve to illustrate: "DON'T MAKE ME YOUR EXECUTIONER;" "TICK TOCK, TICK TOCK, TIME IS RUNNING OUT ON YOU;" "Don't make me destroy you." Special App'x at 7. The omitted or misleading facts Fernandez-Bravo relies on do not change the menacing tone of his emails, each of which furnished probable cause to arrest him for a separate violation of the protective order. Further, the totality of his communications, including the July 2, 2009 telephone conversation, by whomever initiated, supplied probable cause for stalking under Connecticut law. See Conn. Gen. Stat. Ann. §§ 53a-181d and e. No intervening fact rendered the charges against Fernandez-Bravo groundless. Thus Fernandez-Bravo's false arrest and malicious prosecution claims were properly dismissed.

In addition, all of the individual officers are entitled to qualified immunity from Fernandez-Bravo's false arrest and malicious prosecution claims.[1] "Qualified immunity protects officials from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Taravella v. Town of Wolcott, 599 F.3d 129, 133 (2d Cir. 2010) (internal quotation marks omitted). "A police officer is entitled to qualified immunity if (1) his conduct does not violate a clearly established constitutional right, or (2) it was objectively reasonable for the officer to believe his conduct did not violate a clearly established constitutional right." Hartline v. Gallo, 546 F.3d 95, 102 (2d Cir. 2008)(internal citation and quotation marks omitted). The qualified immunity standard is "forgiving" and "protects all but the plainly incompetent or those who knowingly violate the

---

[1] Fernandez-Bravo's brief only attacks qualified immunity as to Officer Garay; he therefore waives any challenge to district court's finding that the other police officer defendants possessed qualified immunity.

4

law." Amore v. Novarro, 624 F.3d 522, 530 (2d Cir. 2010) (internal citation and quotation marks omitted).

Since Officer Garay had probable cause to arrest Fernandez-Bravo, she also is entitled to qualified immunity from his claims. Indeed, all Officer Garay needs is arguable probable cause to be protected by qualified immunity, see Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015), which is plainly evident here. We therefore also affirm under qualified immunity.

2.      Challenging the dismissal of his substantive due process claim, Fernandez-Bravo reiterates his arguments that alleged omissions and misrepresentations in the arrest warrant undermined probable cause for his arrest, that Officer Garay therefore does not enjoy qualified immunity, and that the district court erred in granting summary judgment. Where "the Fourth Amendment provides an explicit textual source of constitutional protection against [a type] of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analy[sis] . . . " Graham v. Connor, 490 U.S. 386, 395 (1989). Because Fernandez-Bravo's due process claim stems from the same behavior alleged in his Fourth Amendment false arrest claim, his substantive due process claim merges with that claim, and was properly dismissed for the same reasons.

3.      Fernandez-Bravo argues that he provides sufficient circumstantial evidence to demonstrate that he suffered retaliation for refusing to drop his immigration complaint against Rojas. "To prevail on this free speech claim, plaintiff must prove: (1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001). "Specific proof of improper motivation is required in order for plaintiff to survive summary judgment on a First Amendment retaliation claim." Id. He provides none. While "circumstantial evidence may be . . . sufficient to raise a genuine issue of material fact precluding the grant of summary judgment," Gayle v. Gonyea, 313 F.3d 677, 684 (2d Cir. 2002), Fernandez-Bravo relies exclusively on his own assertions; but they are completely undermined: Fernandez-Bravo

5

admits he did not see Officers Garay or Maston speak; Officer Maston testified that he was unaware of any immigration complaint until after the arrest of Fernandez-Bravo; and Rojas was arrested by Officer Garay after she had entered Fernandez-Bravo's home. The defendants enjoy qualified immunity as to this claim as well.

**4.** Finally, Fernandez-Bravo argues that he provides sufficient evidence of an improper primary purpose to support his abuse of process claim, and that qualified immunity is not a defense to this claim. He relies on the same factual arguments made in his First Amendment claim. "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." Larobina v. McDonald, 274 Conn. 394, 403 (2005) (internal citation and quotation marks omitted). The improper purpose must be the primary purpose for the process effected upon a plaintiff, because "the addition of primarily is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." Id. at 403-404. There is no evidence that the "retaliatory purpose" alleged by Fernandez-Bravo was the primary purpose for the process effected on him; indeed, as discussed above, other than his own statements, there is no evidence of any retaliatory motive.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6