14-318-cv
*Two Farms, Inc. v. Greenwich Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fifteen.

Present:

> DEBRA ANN LIVINGSTON ,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,
> SIDNEY H. STEIN
> *District Judge.**

TWO FARMS INC.,

*Plaintiff-Appellant*,

v.                                        No. 14-318-cv

GREENWICH INSURANCE CO.,

*Defendant-Appellee*.

For Plaintiff-Appellant:          Feder Kaszovitz LLP, New York, NY.

For Defendant-Appellee:       Porzio Bromberg & Newman P.C., Morristown, NJ.

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Two Farms Inc. ("Two Farms") appeals from a January 6, 2014 order of the Southern District of New York (Koeltl, *J.*) granting summary judgment to Defendant-Appellee Greenwich Insurance Company ("Greenwich") and denying Two Farms' motion for partial summary judgment. This diversity case centers on the meaning of a provision in an insurance policy issued by Greenwich to Two Farms. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal, which we describe here only as necessary to explain our decision to affirm.

Greenwich issued a pollution and remediation liability policy to Two Farms on April 16, 2008. The policy remained in effect until April 16, 2010. The policy contains a set of exclusions, denying coverage for liability resulting from certain causes, including loss "based upon or arising out of the existence of any underground storage tank(s) and associated piping." A33. However, certain specified "underground storage tank(s) and associated piping" are not subject to this exclusion. Endorsement 10 in the policy lists the tanks that benefit from this exception. The policy in Endorsement 7 applies a sublimit to the tanks within this exception, capping the coverage amount for each loss or remediation expense associated with an excepted underground storage tank and its associated piping at $1,000,000. (The policy caps the total annual coverage for such losses and expenses at $5,000,000).

In December 2009, Two Farms discovered that an underground storage tank at a Two Farms gas station in Baltimore, Maryland had discharged several thousand gallons of gasoline. Two Farms alleges that three devices located on the exterior of the tank in question—the "O-ring," the containment sump, and the sensor—caused this loss. The parties do not dispute that the

2

"underground tank[] and associated piping" responsible for the discharge is listed in Endorsement 10, and was therefore not subject to the policy's exclusion. In fact, after Two Farms filed a claim with Greenwich, the insurance company paid Two Farms $1,000,000 toward loss and remediation expenses, plus $250,000 in legal expenses. Two Farms, interpreting the sublimit of $1,000,000 to be inapplicable to its loss, filed its complaint in January 2012.

* * *

"We review de novo a district court's ruling on cross-motions for summary judgment, in each case construing the evidence in the light most favorable to the non-moving party." *Ackerson v. City of White Plains,* 702 F.3d 15, 19 n.1 (2d Cir. 2012) (per curiam) (internal quotation marks omitted). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Because interpretation of an insurance agreement is a question of law, we review the district court's construction of the Policy de novo." *VAM Check Cashing Corp. v. Fed. Ins. Co.,* 699 F.3d 727, 729 (2d Cir. 2012).

Consistent with the policy's choice of law provision, we apply New York law. In New York, the ordinary rules of contract interpretation apply to insurance policies. *Accessories Biz, Inc. v. Linda & Jay Keane, Inc.*, 533 F. Supp. 2d 381, 386 (S.D.N.Y. 2008). Thus, "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (quoting *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000)). In discerning intent, courts "read [the contract] as a whole." *Iroquois Master Fund, Ltd. v. Quantum Fuel Sys. Techns. Worldwide, Inc.*, No. 13 Civ. 3860, 2013 WL 4931649, at *4 (S.D.N.Y. Sept. 12, 2013).

3

In interpreting an insurance contract, the court must determine as "a threshold question of law" whether the contract is ambiguous. *Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 390 (2d Cir. 2005). Summary judgment is appropriate when the terms of a policy are unambiguous. *Seiden Assocs., Inc., v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992).

In this case, the district court correctly found no ambiguity in the challenged contract provision. This litigation involves three uses of the term "underground storage tank(s) and associated piping" in the policy: (1) to exclude coverage for loss "based upon or arising out of the existence of any underground storage tank(s) and associated piping" ("the exclusion"); (2) to restore coverage for "underground storage tank(s) and associated piping" ("the exception") specified in Endorsement 10; and (3) to limit recovery for loss ("the sublimit") arising from the specified "underground storage tank(s) and associated piping."

Two Farms contends that the meaning of the phrase, "underground storage tank(s) and associated piping," varies across the policy. In particular, Two Farms seeks a narrow construction of "underground storage tank(s) and associated piping" in Endorsement 7's sublimit, so that the sublimit would not apply to the losses and expenses Two Farms experienced arising from the malfunction of the O-ring, containment sump, and sensor. At the same time, Two Farms agrees with Greenwich that as to the exception, a broader construction of the phrase should apply, so that these very same losses and expenses are covered by the policy.

Simply put, Two Farms cannot have it both ways. Generally, "a word used by the parties in one sense will be given the same meaning throughout the contract in the absence of countervailing reasons." *Iroquois Master Fund*, 2013 WL 4931649, at *2 (quoting 11 Williston on Contracts § 32:6 (4th ed.)). Two Farms points to no "countervailing reason[]" for according varying meanings to the same phrase in this insurance policy. To the contrary, the policy

4

unambiguously uses the same terms in order to precisely and consistently define the scope of coverage, both in the exclusionary language and in the sublimit. Two Farms reminds us that any ambiguity should be construed against the insurer. *See Mack-Cali Realty Corp. v. Peerless Ins. Co.*, No. 14 Civ. 10135, 2015 WL 4503443, at *4 (S.D.N.Y. July 24, 2015). But there is no ambiguity here.

The parties, however, agree that New York law applies pursuant to the choice of law provision in the policy. Thus, the Maryland and federal regulations are not binding here. Even assuming that the Maryland and federal regulations provide a narrower definition of "underground storage tank(s) and associated piping," such non-binding authority is not persuasive. In light of the clear and consistent structure of the policy, the Maryland and federal regulations do not offer a reasonable alternative interpretation of the contract. *See Seiden Assocs.*, 959 F.2d at 428. We have considered Two Farms' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk