16-3880-cv
Pulk v. Winter

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

---

SUZANNE M. PULK,

*Plaintiff-Appellant*,

v.                                                        No. 16-3880-cv

DAVID J. WINTER, IN HIS INDIVIDUAL CAPACITY
AS TOWN HIGHWAY SUPERINTENDENT OF THE
TOWN OF NORTH COLLINS, AKA KISSY

*Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:        JAMES OSTROWSKI, Buffalo, NY.

FOR DEFENDANT-APPELLEE:        JEREMY A. COLBY, Webster Szanyi LLP, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Suzanne M. Pulk appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*) entered October 13, 2016, accepting the Report and Recommendation of the magistrate judge (McCarthy, *M.J.*) and granting summary judgment in favor of Defendant-Appellee David J. Winter on false arrest, malicious abuse of process, and substantive due process violation claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This case arises from a property dispute involving Suzanne Pulk and the Town of North Collins ("the Town") regarding whether a section of Rocky Mountain Road ("the Road"), which runs along her property, was abandoned by the Town. David J. Winter was the Highway Superintendent for the Town. The Road has been described as having three segments: upper, middle, and lower. The upper (southernmost) segment of the Road has never been closed or abandoned by the Town, and the parties agree that it is public and owned by the Town. After the events giving rise to this action occurred, the New York State Supreme Court concluded that the middle segment had been abandoned by the town, and had reverted to private ownership, i.e. to Pulk and her neighbors. The lower, northernmost segment of the Road runs in front of Pulk's home and driveway, providing access to her property; it has never been abandoned by the Town, although Pulk also believed that it was her property during the relevant time period.

In the summer of 2010, while Pulk was away from her property, the Town decided to dump roadway debris and other fill from a nearby construction project on the middle section of the Road to rebuild the Road, using the lower section of the Road to access the worksite. Pulk returned to her property sometime between August 28, 2010, and September 1, 2010, and discovered the debris.

On September 1, 2010, Winter informed Erie County Deputy Sheriff Brendan Connelly that there might be protestors blocking access to the construction site on the Road. Subsequently, Deputy Connelly drove to the intersection of New Oregon Road and the lower section of the Road. Upon arrival, Deputy Connelly observed that two vehicles were parked across the lower section of the Road, blocking the roadway. Pulk conceded that she parked the vehicles there in order "to make sure that no one was able to get up to the middle [section]."

Deputy Connelly left the scene, and encountered Winter nearby. He informed Winter that vehicles were blocking the Road. Winter told Deputy Connelly that the vehicles needed to be moved so that work could be performed. Winter also informed

Deputy Connelly that the Town's attorney had authorized the roadwork; Pulk disputes that the Town's attorney had in fact authorized it.[1]

Deputy Connelly and another deputy then returned to the area where Pulk's vehicles were blocking the Road. Deputy Connelly asked Pulk to move her vehicles, but she refused. When Pulk expressed her belief that she owned the lower and middle sections of the Road, the deputies informed her that she would need to go to court to resolve the ownership issue, and that she would be arrested if she did not move her vehicles. After she refused to do so for several minutes, Deputy Connelly placed Pulk under arrest for obstructing governmental administration.

The next day, Winter executed a sworn deposition in support of the criminal complaint for the charge, which included the following: "The town's attorney was contacted before the work was started and gave authorization." Aff. of Suzanne Pulk, Ex. 2 at 2, *Pulk v. Winter*, No. 13-cv-00877 (W.D.N.Y. Sept. 28, 2015), ECF No. 45-3. Ultimately, the state court dismissed the charge against Pulk.

In subsequent New York State Court civil proceedings alleging the torts of trespass and nuisance, the state court ruled that the middle portion of the Road had been abandoned by the Town and reverted to private ownership, but that that the lower section, which Pulk had blocked with her vehicles, had not been abandoned.[2]

During the pendency of the state court proceedings, Pulk filed the instant action under 42 U.S.C. § 1983 asserting numerous claims against Winter in his individual capacity. After Winter's motion to dismiss was granted in part and denied in part,[3] only claims for false arrest, malicious abuse of process, and substantive due process violations remained. Later, the district court, adopting the magistrate judge's Report and Recommendation, granted summary judgment in favor of Winter with respect to Pulk's remaining claims.

On appeal, Pulk challenges the grant of summary judgment as to her false arrest and malicious abuse of process claims, but not as to her substantive due process claim.[4] "We review a district court's grant of summary judgment de novo, construing the

---

[1] Drawing all reasonable inferences in favor of Pulk, as we must in evaluating a district court's grant of summary judgment, *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011), we will assume for purposes of this appeal that this statement by Winter was in fact false.

[2] Pulk received a judgment in her favor in the amount ot $18,500 against the Town and the county for trespass and nuisance concerning the middle section of the Road.

[3] Pulk does not challenge the dismissal of these other claims on appeal. Accordingly, those claims are abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

[4] Pulk has therefore also abandoned her substantive due process claim. *See LoSacco*, 71 F.3d at 92.

evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To prevail on a 42 U.S.C. § 1983 claim for false arrest, a plaintiff must prove that: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (citation omitted). An arrest based upon probable cause is privileged; accordingly, "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (internal quotation marks omitted). However, an individual may be liable for false arrest if he or she "instigated the arrest and knew that there was no probable cause," as "a person who knowingly gives false information to the police cannot then invoke the probable cause defense which might be available to the police acting upon the information given." *Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10*, 605 F.2d 1228, 1248 (2d Cir. 1979). As Pulk conceded below, there was probable cause to arrest her for obstructing governmental administration based upon: (1) the officers' observations that vehicles were blocking the road; and (2) Winter's statements that county vehicles needed to access the road.[5] Accordingly, she conceded that probable cause existed independent of Winter's statement regarding the attorney's approval.

Even if Pulk had not conceded that there was probable cause independent of Winter's allegedly false statement, we would find that such independent probable cause existed because there is no genuine dispute of fact that prior to Pulk's arrest, the Town's attorney (through an intermediary) told Winter that the Road had not been abandoned, and Winter passed that information on to the deputies. It was the public status of the Road that gave probable cause for Pulk's arrest, and Winter had a good faith basis for believing that the Town continued to own the Road and that the construction was permitted. Whether the Town's attorney affirmatively authorized the project as such contributed nothing to the probable cause analysis.

---

[5] Under New York law,

> A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . . .

N.Y. Penal Law § 195.05.

Under these circumstances, it cannot be said that Winter "knew that there was no probable cause," *Rosario*, 605 F.2d at 1248, when he made the allegedly false statement, as is required for a false arrest claim predicated upon false statements to succeed. As we detailed above, probable cause existed regardless of whether the work that Pulk was obstructing had been affirmatively approved by the Town's attorney. Accordingly, the district court did not err in granting summary judgment to Winter on Pulk's false arrest claim.

With respect to Pulk's malicious abuse of process claim, we agree with the district court that Winter is entitled to qualified immunity. Thus, we need not address the parties' arguments regarding whether Winter employed legal process, or decide whether the existence of probable cause is an absolute defense to a malicious abuse of process claim. As this Court has noted, "[t]here has been considerable confusion within our Circuit regarding whether probable cause is a complete defense to a claim of abuse of process under New York law." *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 958 (2d Cir. 2015). Under these circumstances, this entitles an official such as Winter to qualified immunity against a malicious abuse of process claim when probable cause exists. *Id.* at 959. As discussed above, probable cause to arrest existed independent of Winter's allegedly false statement. Accordingly, even if the deposition in support of the criminal complaint in which Winter made the allegedly false statement about attorney approval constitutes process, Winter is entitled to qualified immunity with respect to the malicious abuse of process claim.[6]

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] Winter argues that the *Rooker-Feldman* doctrine deprives this court of jurisdiction. This argument fails. Pulk's state court action commenced on September 8, 2010, and was terminated on January 16, 2015. The federal action was commenced on August 29, 2013. The Supreme Court has held that "[w]hen there is parallel state and federal litigation, *Rooker–Feldman* is not triggered simply by the entry of judgment in state court," and that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (internal quotation marks omitted). Indeed, *Rooker-Feldman* does not "support[] the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court." *Id.* We need not address Winter's separate *res judicata* argument.

5