17-2432-cv
*Walsh v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of August, two thousand eighteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
>> *Circuit Judges*.

---

MARTIN WALSH,

> *Plaintiff-Appellee*,

> v.                                                                    17-2432-cv

CITY OF NEW YORK, Sgt. Catherine Roach, and Michael Clark,

> *Defendants-Appellants*,

Commissioner William J. Bratton, Lieutenant Jason Lunsford, Jhonny Milfort, New York City Police Officer No. 935, John Doe, 1, Jane Doe, 1,

> *Defendants*.

---

For Defendants-Appellants:              EMMA GRUNBERG, of counsel (Richard Dearing & Deborah A. Brenner, *on the brief*), *for* Zachary W.

Carter, Corporation Counsel of the City of New York, New York, NY.

For Plaintiff-Appellee:     ROBERT A. SOLOWAY (David Stern & Lucas Anderson, *on the brief*), Rothman, Schneider, Soloway & Stern, LLP, New York, NY.

Appeal from a January 20, 2017 judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The City of New York, Sgt. Catherine Roach ("Roach"), and Michael Clark ("Clark") appeal from a January 20, 2017 final judgment of the United States District Court for the Southern District of New York, following a jury trial finding them liable for the false arrest and malicious prosecution of Plaintiff-Appellee Martin Walsh ("Walsh"). After an altercation with retired New York City Police Department officer David Vadala ("Vadala"), Walsh was arrested and charged with two counts of assault in the third degree (in violation of N.Y.P.L. §§ 120.00(1) and (2)), and one count of harassment in the second degree (in violation of N.Y.P.L. § 240.26(1)). The charges were later dropped. Walsh then filed the instant lawsuit under 42 U.S.C. § 1983, alleging, *inter alia*, that the Defendants-Appellants knowingly and maliciously arrested him and initiated his prosecution without probable cause. On January 13, 2017, a jury found for Walsh on his false arrest and malicious prosecution claims and awarded him $225,000 in compensatory damages and $100,000 in punitive damages. On appeal, the Defendants-Appellants contend that the district court erred in denying their renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## A. Federal Rule of Appellate Procedure 4(a)(1)

We first address Walsh's argument that this appeal is barred under Federal Rule of Appellate Procedure 4(a)(1). Under Rule 4(a)(1)(A), a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." However, if a party files a timely motion under Federal Rule of Civil Procedure 50(b), the 30-day window to file a notice of appeal runs from the date that the district court disposes of the Rule 50(b) motion. Fed. R. App. P. 4(a)(4)(A)(i). Walsh argues that the Defendants-Appellants' Rule 50(b) motion was untimely, and that the 30-day clock therefore began to run when the district court entered judgment on January 20, 2017—instead of on July 7, 2017 when the district court disposed of the Defendants-Appellants' Rule 50(b) motion. We disagree.

A Rule 50(b) motion is timely if it is made "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 50(b). On February 17, 2017—28 days after the district court entered judgment—the Defendants-Appellants filed a "Notice of Motion," which they described on the district court's docket as a Rule 50(b) motion (as well as a Rule 59 motion). Furthermore, on March 6, 2017, the district court so-ordered without comment a letter filed by the Defendants-Appellants asking for a one-day extension to "file their briefs and supporting papers *in support of their post-trial motions that were timely filed on February 17, 2017*." Supp. App'x 3 (emphasis added). Thus, the Defendants-Appellants clearly intended their February 17, 2017 "Notice of Motion" to qualify as a Rule 50(b) motion, and the district court treated their "Notice of Motion" as such. The Defendants-Appellants therefore filed a timely Rule 50(b) motion on February 17, 2017. *See, e.g.*, *Meriwether v. Coughlin*, 879 F.2d 1037, 1040–42 (2d Cir. 1989) (concluding that the statement "I would . . . like to at this time note that defendants wish to move for a judgment notwithstanding the verdict" qualified as a Rule 50(b) motion because, *inter alia*, the district court understood the

statement as a Rule 50(b) motion). The Defendants-Appellants filed their notice of appeal on August 6, 2017, 30 days after the district court disposed of their Rule 50(b) motion. This appeal therefore complies with Federal Rule of Appellate Procedure 4(a)(1).

### B. Rule 50(b) Motion

#### 1. Standard of Review

"We review a district court's denial of a motion for judgment as a matter of law *de novo*." *Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010). "In doing so, we apply the same well established standard as the district court: 'Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in h[is] favor.'" *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 228 (2d Cir. 2017) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998)). Thus, we "must draw all reasonable inferences in favor of the nonmoving party, and [we] may not make credibility determinations or weigh the evidence." *Manganiello*, 612 F.3d at 161 (emphasis removed) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007)). The motion may be granted only "if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Kinneary v. City of N.Y.*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting *Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir.

4

2008)). This burden is "particularly heavy" when, as here, "the jury has deliberated in the case and actually returned its verdict." *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005).

### 2. False Arrest

We first address the Defendants-Appellants' claim that no reasonable juror could find for Walsh on his false arrest claim because probable cause existed for Walsh's arrest as a matter of law. "Probable cause 'is a complete defense to an action for false arrest' brought under . . . § 1983." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)), *as amended* (Dec. 4, 2012). "An arresting officer has probable cause when the officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Simpson v. City of N.Y.*, 793 F.3d 259, 265 (2d Cir. 2015) (quoting *Weyant*, 101 F.3d at 852). "When determining whether probable cause existed to support an arrest, we 'consider those facts available to the officer at the time of arrest and immediately before it,'" *id.* (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)), keeping in mind that "an officer may not disregard plainly exculpatory evidence," *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) (quoting *Panetta*, 460 F.3d at 395).

Viewing the evidence in the light most favorable to Walsh, we believe that a reasonable juror could find that Roach and Clark lacked probable cause for an arrest. The jury was specifically instructed that "[o]ne of the questions an officer must consider in believing that he had probable cause to arrest is if the person about to be arrested was privileged in using the force for which he [is being] arrested," App'x at 510, and the Defendants-Appellants have not challenged this instruction on appeal. We believe the trial evidence was sufficient for a jury to conclude that, given the totality of the circumstances facing Roach and Clark, "a person of reasonable caution" in their

5

position would have understood that Walsh's use of force against Vadala was privileged, and that Walsh therefore committed no crime. *See Simpson*, 793 F.3d at 265 (quoting *Weyant*, 101 F.3d at 852); *see also Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003) ("[U]nder some circumstances, a police officer's awareness of the facts supporting a defense can eliminate probable cause."). We thus affirm the district court's denial of the Defendants-Appellants' Rule 50(b) motion as to Walsh's false arrest claim.

### 3. Malicious Prosecution

We next address the district court's denial of the Defendants-Appellants' Rule 50(b) motion as to Walsh's malicious prosecution claim. "Malicious prosecution occurs when '(1) the defendant initiated a prosecution against [the] plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in [the] plaintiff's favor.'" *Cameron v. City of N.Y.*, 598 F.3d 50, 63 (2d Cir. 2010) (quoting *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)). The Defendants-Appellants put forward two reasons for why the trial evidence was insufficient to establish a claim for malicious prosecution; we reject both.

First, the Defendants-Appellants argue that probable cause existed for Walsh's prosecution as a matter of law. "Probable cause, in the context of malicious prosecution, has . . . been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013) (quoting *Boyd v. City of N.Y.*, 336 F.3d 72, 76 (2d Cir. 2003)). Because a reasonable juror could believe that probable cause did not exist for Walsh's arrest, as noted above, we conclude that it follows that a reasonable juror could also believe that probable cause did not exist for Walsh's prosecution. *See id.*

Second, the Defendants-Appellants argue that no reasonable juror could conclude that Roach and Clark "initiated" Walsh's prosecution. We disagree. "While police officers do not generally ['initiate'] criminal proceedings against defendants, a claim for malicious prosecution can still be maintained against a police officer if the officer . . . 'play[ed] an active role in the prosecution, such as [by] giving advice and encouragement[.]'" *Bermudez v. City of N.Y.*, 790 F.3d 368, 377 (2d Cir. 2015) (quoting *Manganiello*, 612 F.3d at 163). Here, a reasonable juror could conclude that Roach and Clark understood that Walsh's use of force was legally privileged, but nonetheless advised and encouraged Vadala to file a criminal complaint regardless. *See, e.g.*, App'x at 362–66 (Clark's testimony that he and Roach initiated the idea of Vadala's filing a complaint against Walsh). The fact that independent parties might have also played a role in facilitating Walsh's prosecution would not exonerate Roach and Clark in such a situation. *See, e.g.*, *Cameron*, 598 F.3d at 63–64 ("[T]he chain of causation [in a malicious prosecution suit] need not be considered broken if [a defendant government agent] . . . could reasonably foresee that his misconduct [would] contribute to an independent decision that results in a deprivation of liberty." (quoting *Higazy v. Templeton*, 505 F.3d 161, 177 (2d Cir. 2007))). We therefore affirm the district court's denial of the Defendants-Appellants' Rule 50(b) motion on Walsh's malicious prosecution claim.

### 4. Qualified Immunity

Finally, we address the Defendants-Appellants' claim that they were entitled to qualified immunity. First, the Defendants-Appellants contend that they were entitled to qualified immunity because even if probable cause did not exist for Walsh's arrest and prosecution, "arguable probable cause" existed as a matter of law. *See, e.g.*, *Betts v. Shearman*, 751 F.3d 78, 83 (2d Cir. 2014). We disagree. "Arguable probable cause should not be misunderstood to mean almost probable cause."

7

*Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (quoting *Jenkins v. City of N.Y.*, 478 F.3d 76, 87 (2d Cir. 2007)). "If officers of reasonable competence would have to agree that the information possessed by the officer at the time of arrest did not add up to probable cause, the fact that it came close does not immunize the officer." *Id.* (quoting *Jenkins*, 478 F.3d at 87). Based on the evidence presented at trial, we believe that a reasonable juror could conclude that any reasonable officer in Roach's and Clark's positions would have known that Walsh's use of force was privileged, and that no reasonable officer in their positions would have determined that probable cause existed to arrest Walsh and initiate his prosecution. *See, e.g.*, *Myers v. Patterson*, 819 F.3d 625, 633 (2d Cir. 2016) (noting that a defendant officer is not entitled to qualified immunity if "no officer of reasonable competence could have made the same choice in similar circumstances" (quoting *Lennon v. Miller*, 66 F.3d 416, 420–21 (2d Cir. 1995))).

Second, the Defendants-Appellants argue that they were entitled to qualified immunity because, at the time of the incident in question, it was "not clearly established that an officer can be held liable for initiating a prosecution based solely on his or her decision not to independently seek out a prosecutor to convey purportedly material information." Br. for Defs.-Appellants at 46. Even assuming *arguendo* that the Defendants-Appellants have accurately characterized the state of the law at the time of the incident, however, as noted above, a reasonable juror could conclude that Roach and Clark not only withheld material information from a prosecutor, but also encouraged Vadala to file a complaint against Walsh knowing that such a complaint was meritless. *See Manganiello*, 612 F.3d at 163 (noting that an individual may be found to have "initiated" a prosecution if he "play[ed] an active role in the prosecution" by "giving advice and encouragement" (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000))); *Gilman v. Marsh & McLennan Companies, Inc.*, 868 F. Supp. 2d 118, 128 (S.D.N.Y. 2012)

(explaining that an individual "may be found to have initiated a proceeding for malicious prosecution purposes" if she "convinc[es] a person to file a complaint who would not otherwise have done so" (quoting *Tommy Hilfiger Licensing, Inc. v. Bradlees*, *Inc.*, No. 99 Civ. 4677(RJH), 2004 WL 2290499, at *5 n.8 (S.D.N.Y. Oct. 8, 2004))). We therefore cannot conclude that the district court erred in denying the Defendants-Appellants' Rule 50(b) motion as to qualified immunity.

\*     \*     \*

We have considered the Defendants-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9