Liverpool v. Cleveland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of May, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             WILLIAM J. NARDINI,
                      *Circuit Judges*.

_____

ANTON F. LIVERPOOL,

     *Plaintiff-Appellant*,

       v.                                19-4023

REGGIE CLEVELAND, MICHAEL MERRITT, EDWARD REIMAN, JANET RAMPERSANT, JOSE MERCADO, JULIO APOLINARIS, and JOSIF BALAN,

     *Defendants-Appellees*.[1]

_____

Appearing for Appellant:    Anton F. Liverpool, pro se, Cranston, R.I.

Appearing for Appellees:    Devin Slack**,** Ellen Ravitch, Assistant Corporation Counsels for James E. Johnson, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Donnelly, *J.*).

---

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Anton F. Liverpool, proceeding pro se, appeals the district court's grant of summary judgment in favor of the Appellees in his 42 U.S.C. § 1983 action asserting claims of false arrest, malicious prosecution, excessive force, failure to intervene, and unconstitutional conditions of confinement. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo grants of summary judgment, focusing on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). As an initial matter, because Liverpool challenges only the grant of summary judgment on the false arrest claim, he has waived any arguments as to other issues. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (holding, in the context of a pro se appeal, that issues not raised in an appellate brief are abandoned).

We affirm for substantially the reasons stated by the district court in its thorough September 30, 2019 memorandum and order. On appeal, Liverpool challenges the district court's conclusion that School Safety Agent Reggie Cleveland had probable cause to arrest him for public lewdness because Cleveland observed Liverpool "moving his hand up and down inside his pants, outside a school," and Liverpool did "not deny that [] Cleveland saw him make a 'concealed hand movement.'" *Liverpool v. Cleveland*, 2019 WL 4752072, at * 4 (E.D.N.Y. Sept. 30, 2019).

Probable cause to arrest is a complete defense to a false arrest claim brought either under § 1983 or New York law. *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012). Probable cause requires officers to "have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks omitted). A court "must consider those facts available to the officer at the time of the arrest and immediately before it." *Id.* (internal quotation marks omitted). "Probable cause does not demand that an officer's good-faith belief that a person has committed a crime be 'correct or more likely true than false.'" *See Mara v. Rilling*, 921 F.3d 48, 69 (2d Cir. 2019) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

Cleveland had probable cause to arrest Liverpool because he had a "good-faith belief" that Liverpool had committed a crime of public lewdness under N.Y. Penal Law § 245.00(a). Probable cause "requires only facts sufficient to establish the sort of fair probability on which reasonable and prudent people, not legal technicians, act." *Mara*, 921 F.3d at 69 (internal quotation marks omitted). Because Cleveland observed the concealed hand movement, even if he misperceived that movement as a lewd act, both he and the arresting officer, SSA Michael Merritt, had probable cause to arrest Liverpool. This is a complete defense to a false arrest claim.

We have considered the remainder of Liverpool's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk