*Merrill v. Copeland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-four.

PRESENT:

        MICHAEL H. PARK,
        EUNICE C. LEE,
        SARAH A. L. MERRIAM,
        *Circuit Judges.*

---

Heather Merrill,

        *Plaintiff-Appellant,*

    v.                         **22-1928**

Corrine L. Copeland,

        *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JONATHAN R. GOLDMAN, Sussman & Goldman, Goshen, NY. |
| **FOR DEFENDANT-APPELLEE:** | MEREDITH A. MORIARTY, (John J. Hoke, *on the brief*), Smith Hoke, PLLC, Latham, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 9, 2022 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Heather Merrill was tried and acquitted in November 2018 on two counts of rape in the third degree and one count of endangering the welfare of a child. She then brought claims for false arrest and malicious prosecution under 42 U.S.C. § 1983 against her former supervisor, Corrine L. Copeland. Copeland had discovered Merrill and a fifteen-year-old boy, with initials J.C., together in a bathroom stall on the night of October 17, 2017. Merrill claims that J.C. was sexually assaulting her, but Copeland reported Merrill to the police. The police took statements from Copeland, J.C., and another minor, G.H., who served as a lookout in some form or another. The police also reviewed a surveillance video showing Merrill, J.C., and G.H. together before and after the incident. Merrill was arrested and later indicted by a grand jury.

Merrill claims that Copeland lied to the police and to the grand jury that indicted her, leading to Merrill's arrest and prosecution. After discovery, the district court granted Copeland's motion for summary judgment, determining that there was independent probable cause to arrest and prosecute Merrill. *See Merrill v. Copeland*, No. 3:19-cv-1240 (BKS/ML), 2022 WL 3212075, at *15–17 (N.D.N.Y. Aug. 9, 2022). That determination was fatal to both of Merrill's claims, and Merrill challenges it on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment *de novo*. *See Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022).

## I.    False Arrest

"Probable cause is a complete defense to an action for false arrest brought under . . . § 1983." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (cleaned up).  "Officers have probable cause when they 'have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) (quoting *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007)).  This assessment is based on the "totality of the circumstances" and courts "must consider only those facts available to the officer at the time of the arrest and immediately before it." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (cleaned up).  "Probable cause does not demand that an officer's good-faith belief that a person has committed a crime be 'correct or more likely true than false.'" *Mara v. Rilling*, 921 F.3d 48, 69 (2d Cir. 2019) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

Merrill's false-arrest claim fails because the police had probable cause to arrest her, even excluding Copeland's statements.  Before arresting Merrill, the police also interviewed J.C. and G.H., who gave generally consistent statements that Merrill and J.C. had planned to have sex that night, with G.H. keeping a lookout, as they had done the night before.  The police also reviewed surveillance footage that showed Merrill, J.C., and G.H. together both before and after the incident.  While the footage itself likely did not provide probable cause, it was not inconsistent with J.C.'s and G.H.'s story.

The police were entitled to rely on this material in determining that there was probable cause.  *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some

3

person, normally the putative victim or eyewitness." (cleaned up)). Nor was there any reason for the police to think that Merrill had been assaulted because she did not tell the police that until after her arrest. The police thus had probable cause to arrest Merrill, which is fatal to her false-arrest claim. The district court properly granted summary judgment for Copeland on this claim.

**II.     Malicious Prosecution**

"Because lack of probable cause is an element of a malicious prosecution claim, the existence of probable cause is a complete defense to a claim of malicious prosecution." *Friend v. Gasparino*, 61 F.4th 77, 85 (2d Cir. 2023) (cleaned up). Probable cause to prosecute exists when there exist "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021) (cleaned up).

The district court determined that Merrill's indictment by a grand jury created a presumption of probable cause that Merrill failed to rebut. *See Merrill*, 2022 WL 3212075, at *16–17. We need not reach this issue because, regardless of any presumption, there was probable cause to prosecute Merrill, even setting aside Copeland's statements. *See Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (declining to address whether plaintiff rebutted the grand jury presumption where there was independent probable cause to prosecute).

After the police conducted their investigation, the undisputed evidence available to the prosecution consisted of J.C.'s and G.H.'s statements to the police before Merrill's arrest, Merrill's post-arrest statement, a second statement from J.C. shortly after the arrest, the surveillance footage, and information indicating that Merrill had previously been alone with J.C. and G.H.—including on the night before, when J.C. and G.H. both said Merrill and J.C. had also had sex. We do not see how a reasonable jury could find that this evidence was insufficient to lead a reasonably prudent person to believe Merrill guilty of the crimes charged. There was thus probable cause to

4

prosecute Merrill, and the district court properly granted summary judgment for Copeland on Merrill's malicious-prosecution claim.

We have considered the remainder of Merrill's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court