24-1185-cv
*Heredia v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-five.

PRESENT:
>  GUIDO CALABRESI,
>  SUSAN L. CARNEY,
>  MARIA ARAÚJO KAHN,
>  *Circuit Judges.*

-----------------------------------------------------------------

DIEGO HEREDIA,

>  *Plaintiff-Appellant,*

>  v.                                                              No. 24-1185-cv

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DET. THOMAS DONEGAN, AND DET. THOMAS COZART,

*Defendants-Appellees,*[*]

A.D.A. ZACHARY WEINTRAUB, P.O.
BRIAN WILSON, JOHN DOES 1 - 20, NAMES
BEING FICTITIOUS, AS ACTUAL NAMES
UNKNOWN,

     *Defendants.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | NORA CONSTANCE MARINO (Joseph W. Murray, *on the brief*), Law Offices of Nora Constance Marino, Great Neck, NY |
| FOR DEFENDANTS-APPELLEES: | PHILIP W. YOUNG (Richard Dearing & Melanie T. West, *on the brief*), *for* Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, New York, NY |

Appeal from a March 30, 2024 judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-Appellant Diego Heredia ("Heredia") appeals from the district court's grant of summary judgment. He principally argues that the district court erred in its probable cause determination, which resulted in the dismissal of his false arrest and malicious prosecution claims. We disagree.

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

## BACKGROUND

The parties do not meaningfully dispute the material facts in this case, which the district court summarized in detail below and we briefly recount here. From Spring 2008 to April 2016, Heredia worked as an art gallery manager at the Maison Gerard Art Gallery ("Gallery") in New York, New York. While employed by the Gallery, Heredia worked with several people, including Edwin Jimenez, John Acosta, and Jerome Soule. He also had knowledge of the Gallery's alarm codes, access to the Gallery's computer and surveillance systems, and a set of keys to unlock the Gallery, which he returned after his termination.

On January 3, 2017, the New York Police Department ("NYPD") received a report that the Gallery was burglarized while it was closed for the holiday season. NYPD Detective Thomas Donegan was assigned to investigate the burglary. As part of his investigation, Detective Donegan reviewed an internal surveillance video from the night of the burglary showing an individual disarming the Gallery's security alarm. Detective Donegan also received a list of former Gallery employees and obtained external video surveillance footage (the "Video") from the night of the burglary. The Video shows an individual wearing black clothing approach the front entrance of the Gallery, unlock the Gallery's security gate, and enter through the front door of the Gallery.

After reviewing the Video, at least one Gallery employee identified Heredia as the individual shown in the Video. Specifically, Jimenez, Heredia's former assistant at the

3

Gallery, recognized Heredia in the Video based on the burglar's mannerisms, gait, and clothing. In addition, Acosta told Detective Donegan that he saw Heredia wear black clothing while working at the Gallery that resembled the burglar's clothing from the Video. Finally, Detective Donegan learned that, prior to the burglary, Heredia texted Soule to ask whether the Gallery would be closed, as was customary for the holidays. Armed with this information, Detective Donegan stated, he believed that there was probable cause to arrest Heredia. Soon after Detective Donegan reached this conclusion, NYPD Detective Thomas Cozart was assigned to arrest Heredia. Detective Cozart was not involved in the decision to arrest Heredia and had no other role in his prosecution. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

On appeal, Heredia argues that the district court improperly granted summary judgment in favor of Defendant-Appellees the City of New York, the NYPD, Detective Donegan, Detective Cozart, and twenty P.O. John Does. We review the district court's grant of summary judgment *de novo*, construing the evidence presented by each side in the light most favorable to the non-moving party, and drawing all reasonable inferences in his favor. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). Summary judgment may be granted where the non-movant fails to rebut the movants' showing that they are entitled to judgment as a matter of law. *See Nick's Garage, Inc. v.*

4

*Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017).  Upon review, we conclude that the district court properly granted summary judgment on both Heredia's false arrest and malicious prosecution claims, resulting in the dismissal of the entire action.

## I.    False Arrest Claim

Heredia first contends that the district court erred in finding there was probable cause for his arrest.  Probable cause operates as a complete bar to Heredia's false arrest claim under 42 U.S.C. § 1983.  *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013).    Generally, probable cause to arrest exists when an officer has "reasonably trustworthy information" that reasonably indicates that the person to be arrested has committed an offense.  *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)).  "Probable cause is a mixed question of law and fact."  *Dufort v. City of New York*, 874 F.3d 338, 348 (2d Cir. 2017).  However, "where there is no dispute as to what facts were relied on to demonstrate probable cause, the existence of probable cause is a question of law for the court."  *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007).

Drawing all reasonable inferences in Heredia's favor, we conclude that probable cause existed for his arrest.  Although Heredia questions the bases for their statements, Heredia does not dispute that one of his former coworkers, Jimenez, identified him as the burglar depicted in the Video, and another, Acosta, recognized the clothing on the person in the Video as clothing that Heredia wore.  On appeal, Heredia argues that Detective

5

Donegan should have questioned the reliability of both statements because they were not based on Heredia's physical features. But both parties agree that Jimenez identified Heredia based on his mannerisms. This identification alone was sufficient to establish probable cause to arrest him for burglary. *See Burgess v. DeJoseph*, 725 F. App'x 36, 39 (2d Cir. 2018) (summary order) (explaining that a single identification may establish probable cause for arrest). Heredia also does not contest that he knew the Gallery's alarm codes, had a set of Gallery keys before his termination, and, sometime prior to the burglary, had texted another former coworker to see if the Gallery would be closed during the holidays. This additional information, coupled with Jimenez's identification, provided Detective Donegan with reasonably trustworthy information that it was Heredia who committed the burglary. Detective Donegan was not required to continue investigating to establish proof beyond a reasonable doubt that Heredia committed the offense. *See Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006) (explaining that once an officer has probable cause, he is not required "to continue investigating, sifting and weighing information."). Based on these undisputed facts, we find that Detectives Donegan and Cozart had probable cause to arrest Heredia as a matter of law and affirm the district court's grant of summary judgment on the false arrest claim.

## II. Malicious Prosecution Claim

Next, Heredia contends that the district court erred by granting summary judgment on the malicious prosecution claim. Again, we disagree. To prevail on his

6

malicious prosecution claim, Heredia was required to show that Defendants lacked probable cause to prosecute him for the burglary under state law. *See Kee v. City of New York*, 12 F.4th 150, 161–62 (2d Cir. 2021). A grand jury indictment creates a rebuttable presumption that probable cause exists to prosecute. *See McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006). However, under New York law, the presumption can be rebutted by evidence establishing that the grand jury indictment was produced by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (quoting *Colon v. City of New York*, 455 N.E.2d 1248, 1251 (N.Y. 1983)).

On appeal, Heredia fails to offer any evidence to rebut the presumption of probable cause created by the grand jury indictment. Instead, he insists that we "assume[]" that the grand jury indicted Heredia based on misinformation. Appellant Br. at 33. We decline to do so. The record does not include the minutes of the grand jury proceedings. The record contains nothing from which a reasonable factfinder could conclude that Defendants acted in bad faith or submitted false or misleading information to the grand jury. Therefore, Heredia has failed to negate the inference of probable cause created by the indictment. Because probable cause is a complete defense to a malicious prosecution claim, we affirm the district court's grant of summary judgment on this issue and dismissal of his remaining claims.

\*　　\*　　\*

We have considered Heredia's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court